Maria Crimi Speth (012574)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
mcs@jaburgwilk.com
(602) 248-1000

David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 East Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 668-3623
Fax: (480) 248-3196
David@GingrasLaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Xcentric Ventures, L.L.C., | Case No.: 2:12-cv-00130-SMM |
| Plaintiff, | **MOTION TO WITHDRAW WITH CLIENT CONSENT** |
| v. | |
| Mediolex Ltd., et al., | |
| Defendants. | |

Pursuant to Local Rule LRCiv 83.3(b) and this Court's order dated April 7, 2014 (ECF Doc. #57) attorney David S. Gingras hereby moves to withdraw as co-counsel for Plaintiff XCENTRIC VENTURES, LLC ("Xcentric"). The reasons for this request are as follows.

As the Court (and undersigned counsel) is aware, ER 3.7(a) provides in relevant part: "(a) A lawyer <u>shall not act as advocate at a trial</u> in which the lawyer is likely to be a necessary witness … ." (emphasis added). Footnote one on page two of the Court's April 7 order states: "Mr. Gingras' continued representation of Plaintiff notwithstanding the fact he expects to testify may be a violation of Ethical Rule 3.7. See Ariz. R. Sup. Ct. 42, ER 3.7."

The Court's statement assumes that undersigned counsel may have intended to act as both an advocate and a witness at trial. This is not correct. Such a dual-role at trial would plainly violate ER 3.7. Accordingly, once learning that Xcentric intended to call him as a trial witness, undersigned counsel determined that he would not and could not also act as an advocate at trial, in which case ER 3.7 is inapplicable.

It also appears that Xcentric's co-counsel, Ms. Speth, informed the Court that undersigned counsel "would withdraw" from representing Xcentric in this matter. Unfortunately, Ms. Speth did not advise undersigned counsel of her representation to the Court and as a result, undersigned counsel had no reason to seek withdrawal earlier.[1]

Because this matter has been set for trial, pursuant to Local Rule LRCiv 83.3(b)(3), Ms. Speth states that she is advised of the trial date and will be prepared for trial.

DATED April 8, 2014.     **GINGRAS LAW OFFICE, PLLC**
                         /S/ David S. Gingras
                         David S. Gingras

DATED April 8, 2014.     **JABURG WILK, P.C.**
                         /S/ Maria Crimi Speth
                         Maria Crimi Speth
                         Attorneys for Plaintiff

### CLIENT CONSENT

I have reviewed the foregoing and I consent to the withdrawal of David S. Gingras as co-counsel for Xcentric Ventures in this action.

Edward Magedson

---

[1] Again, to be clear—ER 3.7(a) does not bar an attorney from representing a party at *other* stages in a proceeding where the lawyer may also be a necessary trial witness. By its terms, the rule only prohibits a lawyer from acting as both an advocate at trial and a witness at trial.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2014 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following:

> Christopher B. Ingle, Esq.
> ROSE LAW GROUP PC
> 6613 North Scottsdale Road, Suite 200
> Scottsdale, Arizona 85250
> Attorneys for Defendant

/s/David S. Gingras